MAYBELLE D. GOUERT, Appellant, *v.* THE MECHANICS AND METALS NATIONAL BANK OF THE CITY OF NEW YORK, Respondent, and WILLIAM P. FISHER, Appellant, Impleaded with Others.

*Creditors' suit — action to marshal proceeds of securities wrongfully pledged by stockbroker.*

*Gouert* v. *Mechanics & Metals Nat. Bank*, 191 App. Div. 854, affirmed.

(Argued March 14, 1922; decided April 18, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 29, 1920, reversing in part a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and upon new findings directing a dismissal of the complaint as to defendant, respondent, adjudging that plaintiff has an equitable lien upon certain stock held by defendant, appellant, and directing a money judgment in favor of plaintiff against the firm of Stoppani & Hotchkin and the individual members thereof. The action was brought for the marshaling of the proceeds of certain securities. Stoppani & Hotchkin had pledged with the defendant bank certain securities owned by the plaintiff and also certain securities owned by the defendant Fisher. Prior to the institution of this action and of the action instituted by Fisher against the bank it had sold all the securities so pledged by Stoppani & Hotchkin other than 100 shares of North American stock, 100 shares of American Smelting and Refining Company stock, which last two formed part of the securities claimed by Fisher, but after such sale there remained an indebtedness in favor of the bank of upwards of $6,000. Fisher, prior to this action, had brought an action against the bank in which it was held that the bank had acquired a valid pledge of the securities claimed by Fisher and in this action it has been determined that the bank held a valid pledge of the securities claimed by the plaintiff. It was determined in this action that the shares above mentioned, and

which the bank had not sold, showed at the time of the judgment in this action an equity of $4,721.97. The plaintiff claiming a greater equity in this surplus than Fisher, sought to marshal the securities and have a judgment directing payment to her of this surplus. Fisher, pending this action, and pursuant to the direction of the judgment in his action against the bank, redeemed the securities, paying to the bank the balance due to it. The judgment of the trial court in this action awarded the surplus of $4,721.97 to the plaintiff and awarded the plaintiff a personal judgment against the bank. From this judgment the bank appealed and the Appellate Division reversed the judgment in so far as it awarded a personal judgment against the bank in favor of the plaintiff and, after making new conclusions of law, directed that the said sum of $4,721.97 should be paid by Fisher to the plaintiff or in the alternative directed him to deliver the securities redeemed by him to a receiver, to be sold to satisfy the plaintiff's claim.

*David Vorhaus, Francis M. Scott* and *Joseph Fischer* for plaintiff, appellant.

*William P. Fisher* defendant, appellant, in person.

*Frank M. Patterson, Franklin H. Mills* and *M. Mackenzie* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ. Dissenting: CRANE, J.